**□ORIGINAL**

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

FILED
CLERK, U.S. DISTRICT COURT

NOV 1 2 2010

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ALVAREZ, | Case No. 5:10-cv-01477-VAP-DTBX |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR VIOLATION |
| vs. | OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, |
| ACCOUNT MANAGEMENT SERVICES; and RICHARD MOSS, an individual, | ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND INVASION OF PRIVACY |
| Defendant. | |

## I. INTRODUCTION

1.   This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

## III. PARTIES

3.     Plaintiff, Mark Alvarez ("Plaintiff"), is a natural person residing in San Bernardino County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.     At all relevant times herein, Account Management Services ("Defendant AMS") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant AMS regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

5.     At all relevant times herein, Defendant, Richard Moss ("Defendant Moss") was owner of Defendant AMS.  As an officer, shareholder and/or director of Defendant AMS, Defendant Moss was responsible for the overall success of the company. Defendant Moss is a "debt collector" as defined by the FDCPA, 15

U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c): he materially participated in collecting debt by occupying a position of critical importance to Defendant AMS's business; as the owner of Defendant AMS, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant AMS's affairs and Defendant Moss continued to play a key role in maintaining and expanding Defendant AMS's debt collection activities throughout the time in question.

## IV.  FACTUAL ALLEGATIONS

6.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant AMS contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7.     On or about July, 2010, Monica Patton, an employee of Defendant AMS, called Plaintiff's employer and asked to verify Plaintiff's employment. Upon verification, she hung up.

7.     On or about July, 2010, Plaintiff received a call from Monica Patton, an employee of Defendant AMS.  During that call, Monica told Plaintiff that she had verified his employment, so Defendant AMS knows Plaintiff has money coming in to pay his bills.

8.      Monica Patton, an employee of Defendant AMS, left a voicemail for Plaintiff wherein she states she had just called Plaintiff's employer to verify employment and that Plaintiff's employer had given her Plaintiff's cell phone number, which she "already had." Monica stated that it "kinda changes everything this new information." Monica further stated that she wouldn't hold on to Plaintiff's file much longer and that it would probably leave her desk tomorrow.

9.      Olga, an employee of Defendant AMS, left a voicemail for Plaintiff wherein she did not identify who her employer was or the reason for her call. Olga merely states she "needs" Plaintiff to return her call today.

10.     Plaintiff received an email from Olga Gomez, an employee of Defendant AMS, wherein she requests he contact her office today. The email contains no further information.

11.     Defendant AMS's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information, including, but not limited to, calling Plaintiff's employer to allegedly verify Plaintiff's employment and obtaining his cell phone number, which Defendant already had (§1692b & §1692c(b));

    b) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly

requested, including, but not limited to, calling Plaintiff's employer to allegedly verify Plaintiff's employment and obtaining his cell phone number, which Defendant already had (§1692b(1) & §1692c(b));

c) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff, including, but not limited to, calling Plaintiff's employer to allegedly verify his employment (§1692b(2) & §1692c(b));

d) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§1692b(3) & §1692c(b));

e) Repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer (§ 1692c(a)(1)(3));

f) Using false, deceptive, or misleading representations or means in connection with collection of a debt (§1692e));

g) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

h) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§ 1692e(11)); and

i) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11)).

12.    Defendant Moss as owner of Defendant AMS is directly responsible for Defendant AMS's violations.

13.    Defendant AMS's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive

to a reasonable person.  Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

13.    Defendant's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern.  Defendant's disclosures were highly offensive to a reasonable person.

14.    As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant AMS and Defendant Moss (herein after "Defendants") are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

15.    Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

      A.    Declaratory judgment that Defendants' conduct violated the FDCPA;

      B.    Actual damages;

C.  Statutory damages;

D.  Costs and reasonable attorney's fees; and,

E.  For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

16.  Plaintiff reincorporates by reference all of the preceding paragraphs.

17.  To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.  Declaratory judgment that Defendants' conduct violated the RFDCPA;

B.  Actual damages;

C.  Statutory damages for willful and negligent violations;

D.  Costs and reasonable attorney's fees,

E.  For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION
## AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

18.  Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.    Actual damages

B.    Punitive Damages; and,

C.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 8th day of November, 2010.

By: _____

Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ALVAREZ<br><br><br>PLAINTIFF(S)<br>v.<br><br>ACCOUNT MANAGEMENT SERVICES; and<br>RICHARD MOSS, an individual,<br><br><br>DEFENDANT(S). | CASE NUMBER<br><br>5:10-cv-01477-VAP-DTB χ<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>ACCOUNT MANAGEMENT SERVICES; and RICHARD MOSS, an individual;</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☑ ____ first ____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Todd M. Friedman</u>, whose address is <u>Law Offices of Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**
Clerk, U.S. District Court

Dated: ___11/12/10___          By: ___**L. ADAMS**___

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    **SUMMONS**